*298   F. Supp. 1323*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 2  1969

PATRICIA D. WILT
CLERK

# THE JUDICIAL PANEL
## ON
## MULTIDISTRICT LITIGATION

IN RE MULTIDISTRICT CIVIL ACTIONS ARISING  )
FROM THE AIR CRASH DISASTER AT FALLS CITY, )  DOCKET NO. 17
NEBRASKA ON AUGUST 6, 1966                 )

## OPINION AND ORDER DENYING TRANSFER
## OF MULTIDISTRICT CIVIL ACTIONS UNDER SECTION 1407,
## TITLE 28, UNITED STATES CODE

---

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, AND
STANLEY A. WEIGEL, JUDGES OF THE PANEL

---

EDWARD WEINFELD, D. J.

A Braniff Airways BAC1-11 broke up in flight and crashed near Falls City, Nebraska on August 6, 1966. The 38 passengers and four crew members aboard the aircraft were killed and the aircraft was totally destroyed. There are presently 21 cases arising from this disaster pending in five different federal district courts,[1] clearly *multidistrict litigation*. (See Schedule A.) The parties to these cases were ordered to show cause why the cases should not be consolidated for pretrial

---

[1] The claims of all plaintiffs in the actions filed in the Northern District of Illinois have been satisfied and the only issue remaining is which defendant, Braniff Airways, Inc. or British Aircraft Corp., was responsible for the crash.

- 2 -

proceedings under 28 U.S.C. §1407, and a hearing was held to consider arguments of all interested parties.

There is no doubt that this type of litigation arising out of a single disaster involves common questions of fact or that the convenience of parties and witnesses is generally furthered by consolidation under Section 1407.  However, each application must be considered upon its merits and in relation to particular problems in the various pending suits which are the subject of the motion for consolidation or coordinated pretrial proceedings.

The majority of the cases pending in the Northern District of Illinois and the Southern District of New York have proceeded with the greatest expedition.  In fact, the claims of the plaintiffs in the Northern District of Illinois have been settled.  While plaintiffs in those suits no longer have an interest, since they have been paid, those cases are still at issue upon the cross-claims of the defendants British Aircraft Corp. and Braniff Airways, Inc.  In addition, substantial venue and service questions still remain in those actions. The New York cases have been the subject of extensive pretrial discovery which has about been completed, and the cases are about ready for trial.  It does not appear there are venue and service problems in the New York action.

In the Nebraska and other actions, pretrial procedure
has not been as advanced as in the instance of the Southern
District of New York.  In the Nebraska actions questions of
venue and amenability to service of process have been raised
and are not finally settled.  In some of the actions pending
in the Northern District of Texas questions of venue and
service have also been raised.  In other actions in that
district these questions do not exist.

Under all these circumstances, to effect a transfer
at this time of the New York actions would serve to delay the
trial of those litigants who have been diligent in prosecuting
their claims and would not promote the "just and efficient
conduct" of those actions.  An added factor that militates
against a transfer at this time under Section 1407 is the out-
standing and substantial venue and service questions still
unresolved in the Illinois, Texas and Nebraska District Court
actions.  Such undetermined issues will not be resolved by a
transfer under Section 1407, whereas transfers to the Southern
District of New York under Section 1406, if warranted, will
resolve the venue and service problems now existing in some
of those cases;[2] in the others, transfer may be effected
under Section 1404(a).  Thus, where appropriate, consolidation

---

[2]   See *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962); *Dubin
v. United States*, 380 F.2d 813 (5th Cir. 1967).

- 4 -

and coordination of all these cases for all purposes may be
achieved by transfers under Section 1406 in some cases and
under Section 1404(a) in others.

For reasons stated, it is hereby

ORDERED that no transfer of any of these actions under
Section 1407, Title 28, U.S.C., be made at this time, but
without prejudice to subsequent motions for such transfer or
order of the Panel to show cause why such transfers should
not be made.

SCHEDULE A

## DISTRICT OF NEBRASKA

1. Grace Welter, etc., v. Braniff Airways, Inc.                    Civil Action
                                                                   No. 3008

2. John Deines, etc. v. Braniff Airways, Inc.,                     Civil Action
   et al.                                                          No. 2595

3. Agnes Mary Brisbane, etc. v. British Aircraft                   Civil Action
   Corp., Ltd., et al.                                             No. 3105

4. Donald G. Pauly, Jr., etc. v. British Aircraft                  Civil Action
   Corp., Ltd., et al.                                             No. 3106

5. Patricia L. Hilliker, etc. v. British Aircraft                  Civil Action
   Corp., Ltd., et al.                                             No. 3107

## NORTHERN DISTRICT OF TEXAS

6. Agnes Mary Brisbane, etc. v. British Aircraft                   Civil Action
   Corp., Ltd.                                                     No. 3-2676-C

7. Patricia L. Hilliker, etc. v. British Aircraft                  Civil Action
   Corp., Ltd.                                                     No. 3-2677-C

8. Donald G. Pauly, Jr., etc. v. British Aircraft                  Civil Action
   Corp., Ltd.                                                     No. 3-2678-C

9. Agnes Mary Brisbane, etc. v. British Aircraft                   Civil Action
   Corp (U.S.A.), Inc.                                             No. 3-2730-C

10. Donald G. Pauly, Jr., etc. v. British Aircraft                 Civil Action
    Corp. (U.S.A.), Inc.                                           No. 3-2731-A

11. Patricia L. Hilliker, etc. v. British Aircraft                 Civil Action
    Corp. (U.S.A.), Inc., etc.                                     No. 3-2732-C

## SOUTHERN DISTRICT OF NEW YORK

12. Cecil P. Jacobson, etc. v. Braniff Airways,                    Civil Action
    Inc., et al.                                                   No. 68 Civ. 1959

13. Elaine D. Eschbach, etc. v. British Aircraft                   Civil Action
    Corp., Ltd., et al.                                            No. 68 Civ. 1979

14. Olga Johnson, etc. v. British Aircraft Corp.,                  Civil Action
    Ltd., et al.                                                   No. 67 Civ. 795

- 2 -

SOUTHERN DISTRICT OF NEW YORK (CONTINUED)

15. Marie L. Graeber, etc. v. British Aircraft          Civil Action
    Corp., Ltd., et al.                                  No. 67 Civ. 794

16. Bill Rush Mosby, Jr., etc. v. British Aircraft       Civil Action
    Corp., Ltd., et al.                                  No. 67 Civ. 793

17. Donna Wright, etc. v. British Aircraft Corp.,        Civil Action
    Ltd., et al.                                         No. 67 Civ. 677

18. Morgan W. Mills, etc. v. Braniff Airways,            Civil Action
    Inc., et al.                                         No. 67 Civ. 929

19. Robert Leroy Kuhr, etc. v. British Aircraft          Civil Action
    Corp., Ltd., et al.                                  No. 67 Civ. 3827

DISTRICT OF COLUMBIA

20. Edward Ryant Dyer, Jr., etc. v. Braniff              Civil Action
    Airways, Inc., et al.                                No. 2054-67

NORTHERN DISTRICT OF ILLINOIS

21. Frederick Mayer, etc. v. Braniff Airways,            Civil Action
    Inc., et al.                                         No. 66 C 2164